# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICIA HAUSNER<br>6818 E. Brook Avenue<br>Baltimore, MD 21224<br><br>      Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>SERVE ON:  U.S. Attorney for the District of Maryland<br>            36 S. Charles Street, 4th Floor<br>            Baltimore, MD 21201<br><br>            Attorney General of the United States<br>            Department of Justice<br>            950 Pennsylvania Avenue, N.W.<br>            Room 5111<br>            Washington, D.C. 20530<br><br>    And<br><br>U.S. DEPARTMENT OF TRANSPORTATION<br>FEDERAL MARITIME ADMINISTRATION<br>8700 North Capital Street, N.W.<br>Washington, D.C. 20573<br><br>SERVE ON:  Attorney General of the United States<br>             Department of Justice<br>             950 Pennsylvania Avenue, N.W.<br>             Room 5111<br>             Washington, D.C. 20530<br><br>    And<br><br>TOTE SERVICES, LLC<br> 5305 Peachtree Industrial Boulevard, Suite 316,<br>Suwannee, GA, 30024<br><br>SERVE ON:  NRAI Services, Inc.<br>             1200 South Pine Island Road<br>             Plantation, FL 33324<br><br>    Defendants | CIVIL ACTION NO. |

## CIVIL COMPLAINT

Plaintiff, Patricia Hausner, by her attorneys, Paul D. Bekman and Bekman, Marder, Hopper, Malarkey & Perlin, LLC, sue Defendants, United States of America, U.S. Department of Transportation, and Tote Services, Inc., for injuries and damages sustained as a seaman and for grounds states as follows:

1.      This is a case of admiralty and maritime jurisdiction brought under the general maritime and admiralty law, the Jones Act, 46 U.S.C. Sec. 688, the Suits in Admiralty Act and for maintenance and cure benefits, and pursuant to the provisions in 28 U.S.C. Sec. 1916, permitting seamen to file suit without prepayment of costs or fees.

2.      That at all times hereinafter mentioned, the Defendants, United States of America, U.S. Department of Transportation, and Tote Services, Inc., owned, operated and/or had in their possession and control the vessels DENEBOLA and ANTERES, vessels of the United States registry.

3.      That at all times relevant hereto, the Plaintiff, Patricia Hausner, was employed by Defendants as a utility deck and engineer seaman and was required to work abroad the DENEBOLA as a member of that vessel's crew.

4.      That at all times pertinent to this action, the Plaintiff, Patricia Hausner, was required in order to obtain access to land was required to travel from the DENEBOLA to the pier by walking over to the deck of the ANTERES which was tethered next to the ANTERES' deck and further its gangway to obtain access to the pier.

COUNT 1
(Jones Act Claim)

5.      Plaintiff adopts and incorporates herein by reference the allegations contained in paragraphs 1 through 4.

6. This case of action is brought under the Jones Act, 64 U.S. C. Sec. 688.

7. On or about April 14, 2023, Plaintiff, Patricia Hausner, was attempting to reach the pier area and was required to walk across the deck of the DENEBOLA in order to reach the deck of the ANTERES which was tethered next to the DENEBOLA and to do so was required to use the gangway aboard the ANTERES. In the process of descending the ANTERES gangway, the said gangway was bouncy and defective and buckled while the Plaintiff was descending, causing the Plaintiff to hit her hand on the stanchion of the gangway and causing a serious and permanent injury to her hand. The injury was caused by the fact that the gangway was not properly rigged, was unstable, buckled and was unsafe and unseaworthy and was an unsafe access to the pier.

8. The Defendants, their agents, servants and/or employees, were negligent and careless in that they failed to properly rig the gangway, failed to provide the Plaintiff with a safe place to work, failed to provide the Plaintiff with a safe and seaworthy access to/from, failing to provide the Plaintiff with a safe and seaworthy egress and ingress to the pier, caused and permitted the area of the occurrence to be in an unsafe and hazardous condition causing a hazard and creating a dangerous condition, and was otherwise careless and negligent.

9. That solely by reason of the negligence of the Defendants, through their agents, servants and/or employees, and without any negligence on the part of the Plaintiff, the Plaintiff was seriously and permanently injured; the Plaintiff has required medical care and attention and will require further medical care and attention; she has lost and will continue to lose large sums of money which she otherwise would have earned; she has been required and will continue to be required to support and maintain herself while securing medical care and attention; she has suffered and will continue to suffer pain and suffering, loss of enjoyment of life and inconvenience; and she is permanently disabled.

WHEREFORE, the Plaintiff, Patricia Hausner, demands judgment against the Defendants, United States of America, U.S. Department of Transportation, and Tote Services, Inc., in the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), together with the costs of this action.

## COUNT II
(General Maritime Law Claim)

10. The Plaintiff adopts and incorporates herein by reference the allegations contained in paragraphs 1 through 9.

11. This cause of action is brought under the general maritime and admiralty law.

12. That all of the aforesaid losses, damages and injuries are a direct result of the failure of the Defendants to provide the Plaintiff with a safe and seaworthy vessel and a safe and seaworthy egress and ingress to and from the vessel she was required to work on.

13. By reason of the unseaworthiness of the said vessel, as stated above, and without any negligence of her part, the Plaintiff was seriously and permanently injured; the Plaintiff has required medical care and attention and will require further medical care and attention; she has lost and will continue to lose large sums of money which she otherwise would have earned; she has been required and will continue to be required to support and maintain herself while securing medical care and attention; she has suffered and will continue to suffer pain and suffering, loss of enjoyment of life and inconvenience; and she is permanently disabled.

WHEREFORE, the Plaintiff demands judgment against the Defendants, United States of America, U.S. Department of Transportation, and Tote Services, Inc., in the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), together with the costs of this action.

## COUNT III
(Maintenance and Cure)

14. The Plaintiff adopts and incorporates herein by reference the allegations contained in paragraphs 1 through 13.

15. Defendants are obligated to provide the Plaintiff with maintenance and cure benefits under the law.

16. Defendants has failed to provide the Plaintiff with all of said benefits.

WHEREFORE, the Plaintiff, Patricia Hausner, demands judgment against the Defendants, United States of America, U.S. Department of Transportation, and Tote Services, Inc., in the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), together with the costs of this action.

## COUNT IV

17. The Plaintiff adopts and incorporates herein by reference the allegations contained in paragraphs 1 through 16.

18. That prior hereto, on the 28th day of March, 2025, the Plaintiff, Patricia Hausner, filed an Administrative Claim with the U.S. Department of Transportation & TOTE Group, LLC.

19. That Plaintiff has satisfied the Notice requirement needed to be filed before this Civil Action has been filed.

WHEREFORE, the Plaintiff, Patricia Hausner, demands judgment against the Defendants, United States of America, U.S. Department of Transportation, and Tote Services, Inc., in the sum set forth in this complaint.

_____
PAUL D. BEKMAN (Federal Bar No. 00019)
bekman@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
  MALARKEY AND PERLIN, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiff*